# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 5, 2022

Lyle W. Cayce
Clerk

No. 21-60104
Summary Calendar

Heidy Carolina Morales-Sanchez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 723 054

---

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Petitioner Heidy Carolina Morales-Sanchez is a native and citizen of Honduras. She seeks review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal of the immigration judge's (IJ) order denying her application for asylum, withholding of removal, and relief under

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

the Convention Against Torture (CAT). We review only the BIA's decision except to the extent that the IJ's ruling influences the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

Morales-Sanchez incorrectly asserts that "it is undisputed" that she is "a member of a group recognized by the Los Olanchanos gang, *i.e.*, persons with information concerning crimes that the Los Olanchanos gang committed, who pass that information on." Whether Morales-Sanchez identified a cognizable particular social group (PSG) was very much disputed and was the basis for the IJ's conclusion that Morales-Sanchez was not entitled to asylum or withholding of removal. *See Orellana-Monson v. Holder*, 685 F.3d 511, 519 (5th Cir. 2012). Her failure to challenge the adverse PSG determination abandons any challenge to it. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). We dismiss for lack of jurisdiction Morales-Sanchez's newly raised claim that she is entitled to asylum based on her "anti-gang political opinion." *Omari v. Holder*, 562 F.3d 314, 321 (5th Cir. 2009). Substantial evidence thus supports the BIA's conclusion that Morales-Sanchez failed to establish past persecution or a well-founded fear, or more-likely-than-not probability, of future prosecution on account of a protected ground. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

Substantial evidence also supports the BIA's conclusion that Morales-Sanchez was not entitled to relief under the CAT. *See id.* She fails to cite any evidence that compels a conclusion contrary to that of the IJ that she failed to establish the state action required to obtain relief under the CAT. *See Tabora Gutierrez v. Garland*, 12 F.4th 496, 502-03 (5th Cir. 2021); *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 351 (5th Cir. 2006).

Morales-Sanchez's petition is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.